### STATE v ADRION

Ohio Appeals, 9th Dist, Summit Co

No 2782.   Decided Nov 30, 1936

Herman E. Werner, Pros. Atty., Akron, and James M. Hinton, Asst. Pros. Atty., Akron, for appellee.

Ferbstein & Sicherman, Akron, for appellant.

## OPINION

By STEVENS, J.

This cause is before this court upon appeal upon questions of law. Reference will be made to the parties as they appeared in the trial court.

The defendant, William G. Adrion, was indicted by the grand jury of Summit County, Ohio. for second degree manslaughter, under the provisions of §12404-1, GC. He was tried upon that indictment, and a verdict of guilty was returned by the jury, upon which verdict judgment was subsequently entered. Defendant appeals to this court to procure a reversal of said judgment, assigning three grounds of error:

1. That no unlawful act of the defendant proximately causing death of the decedent was proved by the state.

2. That the verdict of the jury was against the weight of the evidence and contrary to law.

3. That §12404-1, GC, is unconstitutional.

The facts disclosed by the record are briefly these:

The decedent, Cloie Jacobs, was riding as a passenger in a Ford sedan being driven by her sister-in-law, Geraldine Jacobs, in a westerly direction upon Thornton Street in the city of Akron, Ohio. Defendant was driving a Buick coupe automobile in a southerly direction upon Allyn Street in said city. At the intersection of said two streets, said two cars came into collision, with the result that Cloie Jacobs was thrown from the automobile in which she was riding and severely injured, from which injuries, allegedly, she shortly died.

Evidence was introduced by the state in an attempt to prove that the defendant violated §§12628-1, 12603-1 and 6310-31 GC.

Sec 12628-1 GC, since repealed, but in part re-enacted in the "Drivers' License Act" (H.B. 569), provided:

"Whoever operates a motor vehicle of any kind upon any public highway or street while in a state of intoxication, or under the influence of alcohol, narcotics or opiates, upon conviction thereof shall be punished by a fine not less than one hundred dollars nor more than five hundred dollars or imprisonment in the county jail for not less than thirty days nor more than six months, or both, and shall be suspended from the right to operate a motor vehicle for not less than six months nor more than one year; and whoever operates a motor vehicle, upon any public highway or street, during the time he or she has been suspended from such operation, under the provision of this section, shall be guilty of a misdemeanor and shall be imprisoned in the county jail for not less than six months nor more than one year.

"For a second or subsequent offense of driving while intoxicated, shall be suspended from the right to operate a motor vehicle for not less than one year nor more than five years. No person shall be charged with a second or subsequent offense unless such fact is set forth in the affidavit charging the offense."

Sec 12603-1 GC provides:

"Whoever operates a motor vehicle on

the public roads or highways without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, and so as to endanger the life, limb or property of any persons while in the lawful use of the roads or highways shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined as hereinafter provided."

Sec 6310-31 GC provides:

"Vehicles and street cars going on main thoroughfares shall have the right of way over those going on intersecting thoroughfares, except in incorporated municipalities. * * *"

Consideration of a violation of this latter section was withdrawn from the jury by the charge of the trial court.

There was in the record a sharp conflict in the testimony of witnesses for the state and witnesses for the defendant as to the exact manner in which the fatal collision occurred, and the court, in its charge, was very careful to instruct the jury that before the defendant could be convicted of the charge made against him, a violation of one or more of the statutes claimed to have been violated must be proved beyond a reasonable doubt by the state, and, further, that the violation of one or more of said statutes must have been proved beyond a reasonable doubt to have been the proximate cause of the death of decedent. Whether or not the defendant ▮▮▮▮▮▮ violated the provisions of §12603-1 GC was a question of fact properly submissible to the jury.

There is in this record, in the judgment of this court, evidence from which the jury might properly have found beyond a reasonable doubt that the defendant was operating his motor vehicle while under the influence of alcohol, in violation of the provisions of §12628-1, GC, and, if he was so operating said vehicle, the question of whether or not said violation ▮▮▮▮▮▮ had been proved beyond a reasonable doubt to have been the proximate cause of the ensuing death was one properly determinable by the jury.

From a reading of the record in this case, we are unable to conclude that the verdict of the jury was manifestly against the weight of the evidence or contrary to law, and we are likewise unable to agree with the defendant's contention that no unlawful act of the defendant proximately causing the death of Cloie Jacobs was proved against defendant.

There is nothing in this record to show whether the conviction of the defendant was predicated upon a violation of §12628-1 or §12603-1, GC, but having found that a conviction was justified by the evidence, under the provisions of §12628-1, GC, the question of whether or not the conviction is sustainable because of the violation of §12603-1, GC, is of no importance.

Upon the claim that §12404-1 GC is unconstitutional, the unconstitutionality of said statute is urged for the reason that said statute is claimed to be unreasonable and to impose a potential blanket charge of manslaughter covering any accidental death resulting from a violation of any of the provisions of the traffic code, whether said violation be the proximate cause of death or not.

It is claimed that one operating a motor vehicle with license plates improperly secured, who, by the operation of his motor vehicle, causes the death of another human being, would be amenable to a prosecution under said statute, although the insecure fastening of said license plates could in no wise have proximately caused or contributed to cause the death.

We are unable to agree with the contention urged by counsel for defendant, by reason of the wording of the statute itself. It will be observed that the statute provides:

"Whoever shall **unlawfully** and **unintentionally** kill another while engaged in the violation of any law of this state applying to the use or regulation of traffic * * *." (Emphasis ours).

In order to warrant a conviction under this section of the statute, an unlawful killing is required to be proved, and under the pronouncement of the ▮▮▮▮▮▮ Supreme Court in State v Schaeffer, 96 Oh St 215, Syl. 7, the state must prove beyond a reasonable doubt that the unlawful act relied upon as the predicate for manslaughter was the proximate cause of death. Under such proof, the commission of the unlawful act makes the killing an unlawful killing.

So construed and administered, as was the case here, we are of the ▮▮▮▮▮▮ opinion that the statute §12404-1, GC, does not contravene constitutional provisions, as claimed.

The judgment will therefore be affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.